**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MICHAEL TRAINA,

        Plaintiff,

v.

LIBERTY MUTUAL GROUP, INC., et al.,

        Defendants.

Civil Action No. 16-4991 (MAS) (TJB)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Plaintiff Michael Traina's ("Plaintiff") Motion to Remand to the Superior Court of New Jersey pursuant to 28 U.S.C. §§ 1332 and 1441(c)(1). (ECF No. 6.) Defendants Liberty Mutual Group, Inc., Liberty Mutual Insurance Company, and Armando Patino ("Patino") (collectively, "Defendants") opposed the motion. (ECF No. 7.) Plaintiff replied and also moved for attorneys' fees and costs associated with the removal proceedings. (ECF No. 10.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants Plaintiff's Motion to Remand and denies Plaintiff's Motion for Attorneys' Fees and Costs.

**I.   Background**

    This matter arises from a New Jersey Law Against Discrimination ("NJLAD") action initiated by Plaintiff in state court on December 30, 2014. (Certification of Douglas S. Bramley, Esq. ("Bramley Cert.") Ex. A, ECF No. 6-3.) Defendants allege that during Plaintiff's deposition in 2016, in the underlying court matter, Plaintiff revealed that his claim against Defendant Patino was being maintained to defeat diversity. (Defs.' Opp'n Br. 18-22, ECF No. 7.) Following

Plaintiff's deposition testimony, with discovery ongoing, Defendants filed a Notice of Removal to this Court on August 15, 2016. (Notice of Removal, ECF No. 1-1.)

## II. Legal Standard

It is well-established that federal courts are courts of limited jurisdiction. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010). "[Federal courts] have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A federal court is required to determine whether it has jurisdiction even if the parties to an action have not made a jurisdictional challenge. *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1049 (3d Cir. 1993).

An action filed in a state court may be removed to the appropriate federal district court by the defendant if that district court would have had original jurisdiction over the matter. *See* 28 U.S.C. § 1441(a). To effect removal, the defendant must file a notice of removal, "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." *See* 28 U.S.C. § 1446(a). The removing party bears the burden at all stages of litigation to demonstrate that the case is properly before the court, namely that the federal court has subject matter jurisdiction over the action. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007); *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). In other words, "the burden of establishing removal jurisdiction rests with the defendant." *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350, 359 (3d Cir. 1995). The Third Circuit has further clarified that "[r]emoval statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987).

2

## III. Discussion

### A. Removal under 28 U.S.C. § 1446(c)(1)

Pursuant to 28 U.S.C. § 1446(c)(1), "[a] case may not be removed under [28 U.S.C. § 1446(b)(3)] on the basis of jurisdiction conferred by section 1332 more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). Here, it is undisputed that removal is untimely and outside of the one-year removal period.[1] (Pl.'s Mot. to Remand Br. 24, ECF No. 6-2; Defs.' Opp'n Br. 20-21.) The Court, therefore, need only address whether Plaintiff acted in bad faith to determine whether removal under 28 U.S.C. § 1446(c)(1) was proper.

Defendants contend that Plaintiff acted in bad faith to prevent diversity jurisdiction, arguing that Plaintiff: (1) delayed his deposition until after the expiration of the one-year removal period; (2) maintained his action against Patino because he is the only New Jersey-based defendant; (3) knew, or discovered, that his claim against Patino was without merit within one year of filing; (4) refused to dismiss his action against Patino prior to expiration of the time period for removal; (5) admitted during his deposition testimony that "he knew at the time of his termination that Patino played no role in the investigation leading to . . . Plaintiff's employment termination"; and (6) intentionally delayed providing information until the one-year period for removal under the statute elapsed. (Defs.' Opp'n Br. 21-22, 25-26.)

To demonstrate that Plaintiff joined Patino simply to defeat diversity jurisdiction, Defendants proffer deposition testimony from Plaintiff. (*Id.* at 13.) Specifically, Defendants point to statements made by Plaintiff that: (1) Plaintiff admitted that Area Manager Frank Pauciulo, not

---

[1] Plaintiff filed a complaint in state court on December 30, 2014. (Bramley Cert., Ex. A.) Defendants filed their Notice of Removal on August 15, 2016. (ECF No. 1-1.)

Patino, advised Plaintiff of his termination; (2) Patino did not have role in the investigation or termination decision; (3) Plaintiff testified before the Department of Labor's Appeals Board that the decision to terminate his employment was made by Defendant Liberty Mutual's Boston office; and (4) during his deposition, in response to a question that asked why he was maintaining an action against Patino, Plaintiff testified, "I will have to discuss that with my attorney." (*Id.* at 15-16 (citation omitted).) The proffered deposition testimony was provided over the course of four days. During his testimony, Defendants argue that Plaintiff stated that he knew at the time of his termination that Patino played no role in the investigation leading to termination of Plaintiff's employment. (*Id.*)

Plaintiff argues that he has litigated his case against Patino in good faith and proffers as evidence: (1) Plaintiff's early service of discovery demands on all Defendants in the underlying action; (2) Plaintiff's attempts to depose Patino as well as nine additional Liberty Mutual employees; and (3) Defendants' refusal to provide allegedly privileged documents in discovery, which necessitated motion practice in New Jersey Superior Court, resulting in partial disclosure of the documents. (Pl.'s Mot. to Remand Br. 13-16, 23-25.) Plaintiff further argues that his delay in appearing for his deposition was reasonable given the unresolved discovery motion. (Pl.'s Reply Br. 11, ECF No. 10.) Finally, Plaintiff notes that discovery is still ongoing in the underlying action and that Plaintiff intends to conduct ten depositions of Defendants' employees, which includes Patino. (Pl.'s Mot. to Remand Br. 25.)

Defendants submit evidence that casts doubt, at the time of Plaintiff's deposition and before the conclusion of discovery, on Plaintiff's allegations related to Patino. The Court, nevertheless, cannot find bad faith in alleging that Patino aided and abetted the decision to terminate Plaintiff's employment because of his age. After careful consideration of the entire record, as opposed to the

4

discrete sections pointed to by Defendants, the Court finds that the procedural delays by both parties in the underlying action were litigation-related. Significantly, the facts reflect that both parties in this matter were involved in litigation delays associated with the state court proceedings. Accordingly, the Court finds that Defendants have not made the showing of bad faith as required under 28 U.S.C. § 1446(c)(1). The Court, therefore, concludes that this matter was not removable on the basis of 28 U.S.C. § 1446(c)(1) and should be remanded.

### B.   Request for Attorneys' Fees & Costs

Plaintiff requests attorneys' fees and costs from Defendants for improperly removing this matter to federal court. (Pl.'s Mot. to Remand Br. 33-35.) Under 28 U.S.C. § 1447(c), a court may impose fees on a party for improper removal. "[A]n award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141.

While the Court finds that Plaintiff's deposition testimony is insufficient to demonstrate bad faith, the testimony did provide Defendants reasonable grounds to allege that Plaintiff's claims against Patino lack a colorable basis and that removal was warranted based on Patino's alleged improper inclusion. The Court, therefore, declines to exercise its discretion and denies Plaintiff's motion to impose attorneys' fees and costs on Defendants.

### IV.   Conclusion

For the reasons set forth above, and other good cause shown, Plaintiff's Motion to Remand is **GRANTED** and Plaintiff's Motion for Attorneys' Fees and Costs is **DENIED**.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2017